FILED
2025 MAR 07 01:43 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-07611-3 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| MICHAEL AALAND, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., a Delaware Company and SAFEWAY INC., a Delaware Company,<br><br>Defendants. | **CLASS ACTION**<br><br>NO.<br><br>**COMPLAINT FOR DAMAGES** |

## I.   INTRODUCTION

1.1   In order to protect Washingtonians from abusive text message advertising, Washington law sets limits on how and when businesses may send text messages to potential clients. Albertsons Companies, Inc. ("Albertsons") and its affiliates, including Safeway, Inc. ("Safeway"), ignore these limitations and send unsolicited text messages to Washingtonians to further its business.

1.2   Albertsons and Safeway market their products to consumers for their businesses through text message advertisements sent in violation of the Washington Consumer Electronic Mail Act, RCW 19.190.010, et seq., and the Washington Consumer Protection Act, RCW 19.86.010, et seq.

1.3   Plaintiff Michael Aaland ("Representative Plaintiff" or "Plaintiff"), on his own behalf and on behalf of all other similarly situated persons, brings this Complaint for Damages to

CLASS ACTION COMPLAINT FOR DAMAGES - 1

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

obtain from defendant all damages, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.

## II. PARTIES

2.1  Plaintiff is an individual residing in King County, Washington.

2.2  Defendant Albertsons Companies, Inc. is a foreign corporation registered in Delaware and headquartered in Boise, Idaho, and transacting business in King County.

2.3  Defendant Safeway, Inc. is a foreign corporation registered in Delaware, owned by Albertsons Companies, Inc., headquartered in Pleasanton, California, and transacting business in King County.

## III. JURISDICTION AND VENUE

3.1  Acts complained of herein occurred in the State of Washington.

3.2  At all times material to this action, Defendant transacted business within King County.

3.3  This action has been filed within the applicable statutory time periods.

3.4  Jurisdiction in proper in this court under RCW 2.08.010.

3.5  Venue is proper in this court under RCW 4.12.025 because Defendant presently transacts business in King County, transacted business in King County at the time Plaintiff's causes of action arose, and because the tortious conduct occurred in King County.

## IV. FACTUAL BACKGROUND

4.1  Albertsons markets itself as one of the largest food and drug retailers in the United States.

4.2  In order to market its products for sale, Albertsons sends unsolicited commercial text messages to potential customers.

4.3  On December 21, 2024, Plaintiff received an unsolicited commercial text message

from Albertsons advertising promotional sales from Safeway.

4.4    Plaintiff has never consented to receiving text messages from Albertsons or Safeway.

4.5    On information and belief, other individuals residing in the State of Washington received unsolicited commercial text messages without their prior consent from Albertsons or Safeway for the commercial purpose of marketing Albertsons' or Safeway's products.

## V.    CLASS ACTION ALLEGATIONS

5.1    Representative Plaintiff realleges paragraphs 1.1 through 4.5 of the Complaint and hereby incorporates the same by reference.

5.2    Representative Plaintiff brings this class action on behalf of himself and as a representative of the following persons who are entitled to remedies under Washington State law including, but not limited to, damages:

> All residents of Washington State with a cellular telephone number or pager number to which a commercial electronic text message was transmitted by Albertsons Companies, Inc., or Safeway Inc. or someone acting on behalf of Albertsons Companies, Inc. or Safeway Inc. without prior express consent at any time within the period beginning four years prior to the date of this Complaint to the date of certification of the class.

5.3    Plaintiff's class claims satisfy all the requirements for class action certification pursuant to the Civil Procedure Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

5.4    Satisfying all requisite numerosity requirements, numerous consumers in Washington State are believed to be members of this class. Joinder of so many class members into a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

5.5    There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the

class arising from defendant's conduct include, without limitation, the following:

   a. Whether Defendants' text messages are "commercial electronic text messages" under the Washington Consumer Electronic Mail Act?

   b. Whether Defendants negligently and/or willfully caused violations, including per se violations, of the Washington Consumer Protection Act, RCW 19.86.10, et seq., when sending unsolicited electronic text messages to Representative Plaintiff and the class?

   c. Whether Defendants are vicariously or otherwise liable for unsolicited text messages sent to Plaintiff?

5.6     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

5.7     Representative Plaintiff's claims are typical of those of the class in that he, just like the other members of the class, was the victim of the unlawful marketing practices referenced in this complaint. The text message which Representative Plaintiff received is typical of the text messages which were transmitted to other members of the class.

5.8     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages of each of the class members are so low that it would be economically impracticable for putative class members to bring their claims individually.

CLASS ACTION COMPLAINT FOR DAMAGES - 4

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

5.9  Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Representative Plaintiff is represented by attorneys who have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

5.10  Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

5.11  If this action is not certified as a class action, then the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendants for reasons altogether unrelated to the merits of their claims, e.g., challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, et cetera. Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them by Defendants is to resolve the subject matter of this complaint through a class action.

## VI.  CAUSE OF ACTION
### VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT
*(Representative Plaintiff and the Class vs. Defendants)*

6.1  Plaintiff realleges paragraphs 1.1 through 5.11 of the Complaint and hereby

incorporates the same by reference.

6.2     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes including the Washington Consumer Electronic Mail Act, RCW 19.190.010, et seq.

6.3     Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is a violation of RCW 19.190.060. This violation, per statute, is a per se violation of Washington's Consumer Protection Act, RCW 19.86.010, et seq.

6.4     Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, et seq.

6.5     Defendants conducted these practices in the scope of their trade and in furtherance of the development and preservation of such business services.

6.6     Defendants' violations of the Consumer Protection Act are intentional, and willful.

6.7     Plaintiffs have suffered injuries to their persons and property as a direct result of Defendants' numerous violations of RCW 19.86.010, et seq.

6.8     Defendants' practices are emblematic of organizational policies and agreements which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, et seq., and RCW 19.190.010, et seq.

6.9     Plaintiffs are entitled to recover damages for each of the violations of RCW 19.86.010, et seq., in amounts set forth by law.

6.10    Plaintiffs are further entitled to recover damages for each of the violations under

RCW 19.190.010, et seq., in amounts set forth by law and otherwise in accord with proof to be provided at trial.

6.11    Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, et seq., and as otherwise permitted by law.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against Defendants and pray this Court do the following:

A.    Issue a declaration which makes clear the illegality of Defendants' wrongful conduct.

B.    Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above in amounts to be determined at trial, but in no event less than $500.00 for each violation of RCW 19.86.010, et seq. and/or RCW 19.190.010, et seq.

C.    Order Defendants to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful practices.

D.    Order Defendants to pay Representative Plaintiff and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all punitive and/or treble damages for a knowing or willful violation of the Consumer Protection Act.

E.    Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law and/or as sounds in tort, contract, or equity.

F.    Grant any additional or further relief as provided by law or equity which this

Court finds appropriate, equitable, or just.

DATED this 7th day of March, 2025.

/s/ *Joseph W. Wright*
Donald W. Heyrich, WSBA No. 23091
Jason A. Rittereiser, WSBA No. 43628
Rachel M. Emens, WSBA No. 49047
Joseph W. Wright, WSBA No. 55956
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101
Phone: (206) 838-2504
Fax:   (206) 260-3055
Email: dheyrich@hkm.com
         jrittereiser@hkm.com
         remens@hkm.com
         jwright@hkm.com

*Attorneys for Plaintiff*