UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL AALAND,

           Plaintiff,

   v.

ALBERTSONS COMPANIES INC., *et al.*,

           Defendants.

Case No. 25-637-MLP

ORDER GRANTING MOTION TO DISMISS

## I.  INTRODUCTION

This matter is before the Court on Defendants Albertsons Companies Inc. ("Albertsons") and Safeway Inc.'s ("Safeway") (together "Defendants") Motion to Dismiss, or in the Alternative, to Strike Plaintiff Michael Aaland's ("Mr. Aaland") Class Allegations. (Mot. (dkt. # 12).) The Court has reviewed the points and authorities of all parties and all matters raised at oral argument and hereby GRANTS the Motion in part and DENIES it in part for the reasons set forth below.

## II.  BACKGROUND

Mr. Aaland alleges that, on December 21, 2024, he "received an unsolicited commercial text message from Albertsons advertising promotional sales from Safeway." (Compl. (dkt.

ORDER GRANTING MOTION TO DISMISS - 1

1  # 1-1).) Mr. Aaland then filed this putative class action in King County Superior Court on behalf

2  of himself and similarly situated persons, asserting that Defendants' transmission of this

3  commercial text message violates Washington's Commercial Electronic Mail Act ("CEMA"),

4  RCW 19.190.010, and, accordingly, Washington's Consumer Protection Act ("CPA"), RCW

5  19.86.010. (*Id.*) On April 9, 2025, Defendants removed the case to federal court pursuant to the

6  Class Action Fairness Act ("CAFA"), invoking diversity jurisdiction, *see* 28 U.S.C. § 1332(d).

7  (Dkt. # 1.) On April 29, 2025, they filed the instant Motion. (*See generally* Mot.)

8      On May 9, 2025, Mr. Aaland filed a Motion to Remand. (Dkt. # 15.) On May 12, 2025,

9  Defendants filed an Unopposed Motion to Stay Deadlines Pending Resolution of Plaintiff's

10 Motion to Remand. (Dkt. # 17.) The Court granted the stay. (Dkt. # 19.) On June 20, 2025, the

11 Court found that Defendants had plausibly demonstrated that the amount in controversy

12 exceeded $5 million, establishing proper CAFA removal. (Dkt. # 25.) Consequently, on July 7,

13 2025, Mr. Aaland filed a response to Defendants' Motion and requested oral argument. (Resp.

14 (dkt. # 26).) Defendants filed a Reply on July 14, 2025. (Reply (dkt. # 30).) The Court held oral

15 argument on July 18, 2025. (Dkt. # 31.)

16                    III.    ANALYSIS

17     Defendants argue that Mr. Aaland's Complaint lacks sufficient facts to support a

18 cognizable legal theory (Mot. at 11-16) and move to dismiss with prejudice (Reply at 17-18). In

19 response, Mr. Aaland contends that he initially filed this action in King County Superior Court,

20 citing Washington's liberal "notice pleading" standards, which require only a short, plain

21 statement of his claim: that he received an unsolicited text message advertising promotional sales

22 for which he never consented. (Resp. at 8 (citing Compl., ¶¶ 4.3-4.4).) Mr. Aaland requests leave

23 to amend his complaint to conform to federal pleading standards. (*Id.* at 22.)

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id.* To survive a motion to dismiss, the complaint does not require detailed factual allegations, but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555–56 (internal citations omitted). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In the event the Court finds that dismissal is warranted, the Court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Mr. Aaland's Complaint does not meet federal pleading standards. He alleges that Defendants sent him a commercial text promoting a sale, but fails to include any supporting facts. The Court therefore dismisses the Complaint. This dismissal is without prejudice, however, as Mr. Aaland originally filed in state court, where different rules and pleading standards apply. *See* Wash. Super. Ct. Civ. R. 8(a) (requiring "a short and plain statement of the claim"). The Court notes that Mr. Aaland can supplement his allegations regarding (1) his relationship with Defendants, (2) the precise content and timing of the text message received, and (3) the parties responsible for transmitting the message. Such additional information would address the deficiencies identified. Accordingly, the Court grants Mr. Aaland leave to amend his Complaint.

1 | For the reasons stated, Defendants' Motion to Dismiss (dkt. # 12) is GRANTED in part
2 | and DENIED in part. The dismissal of Mr. Aaland's Complaint is without prejudice, and he may
3 | file a First Amended Complaint within **fourteen (14) days** of this order.
4 | Dated this <u>22nd</u> day of July, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS - 4